UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AUTUMN TERRELL,

    Plaintiff,

v.                          Case No. 8:16-cv-1965-T-33MAP

ASCENDA USA INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. On July 7, 2016, Defendant Ascenda USA Inc. filed its Notice of Removal. (Doc. # 1). For the reasons stated herein, the Court determines remand is appropriate.

**I.  Background**

Ascenda hired Plaintiff Autumn Terrell as a customer service representative on June 12, 2014. (Doc. # 2 at ¶ 11). Terrell suffers from a qualifying disability under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., and requested an accommodation in May of 2015. (Id. at ¶¶ 12, 15). Ascenda denied Terrell's requested accommodation and between May and June of 2015, Ascenda disciplined Terrell for "missing work on account of her handicap, even though Plaintiff informed Defendant of these absences in advance,

and submitted medical documentation to Defendant in support of each absence." (Id. at ¶¶ 17, 20). Ascenda allegedly also allowed information regarding Terrell's disability to be disseminated throughout the facility at which Terrell worked. (Id. at ¶ 21). Furthermore, Ascenda allegedly retaliated against Terrell for engaging in protected activity under the Florida Civil Rights Act by terminating her on June 22, 2015. (Id. at ¶ 24).

Terrell subsequently instituted an action against Ascenda by filing a complaint in the Sixth Judicial Circuit in and for Pinellas County, Florida on May 5, 2016. (Doc. # 1 at 1). Terrell's complaint asserts three counts under the Florida Civil Rights Act and requests a litany of damages including lost wages, front pay, compensatory damages for emotional distress, punitive damages, prejudgment interest and attorney's fees and costs. (Doc. # 2 at 4-5, 7). However, the amount in controversy is only alleged in a generic fashion as being "in excess of $15,000." (Id. at ¶ 1). Ascenda removed to this Court on the basis of diversity jurisdiction.

**II. Analysis**

"Federal courts have limited subject matter jurisdiction . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has

2

the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." When "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). And, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

**A.   Lost Wages**

Ascenda calculates lost wages as two years of back pay (one year of pre-removal and one year of post-removal back pay), plus one year of front pay. (Doc. # 1 at 5). There are two flaws with Ascenda's calculation, however. First, the amount in controversy is determined at the time of removal and thus does not include post-removal back pay. Williams,

269 F.3d at 1319; Bragg v. Suntrust Bank, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) (citing Davis v. Tampa Ship, LLC, No. 8:14-cv-651-T-23MAP, 2014 WL 2441900, at *2 (M.D. Fla. May 30, 2014)). Second, "speculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." Id. (citing Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2-3 (M.D. Fla. Oct. 6, 2009)).

Therefore, the amount in controversy for lost wages is properly calculated as wages per week multiplied by the number of weeks from the date of termination to the date of removal. Ascenda provided evidence establishing Terrell earned approximately $360 per week (Doc. # 1-2 at 35), and 54.43 weeks elapsed between Terrell's termination and the date of removal. As such, the amount of back pay equals $19,594.80.

**B.   Compensatory Damages**

Ascenda further postulates Terrell's compensatory damages claim is sufficient to meet the amount in controversy threshold because courts have awarded amounts in excess of the $75,000 threshold for emotional distress claims. (Doc. # 1 at 5). Ascenda also relies on Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985), for the

4

proposition that a complaint alleging physical and mental pain meets the amount in controversy requirement. (Doc. # 1 at 6). Notably though, at the time Estevez-Gonzalez was decided, the amount in controversy requirement was a mere $10,000. See 606 F. Supp. at 129. In stark contrast, the amount in controversy requirement today is $75,000, 28 U.S.C. § 1332(a), and Ascenda provides nothing in support of its contention that Terrell's claim to compensatory damages could exceed today's jurisdictional threshold. As such, Terrell's claim for compensatory damages is too speculative to support a finding that the $75,000 threshold has been satisfied. See Boyd v. N. Tr. Co., No. 8:15-cv-2928-T-33TBM, 2016 WL 640529, at *4 (M.D. Fla. Feb. 18, 2016) (finding compensatory damages too speculative to base jurisdiction upon because neither party presented evidence regarding an estimation of those damages).

  **C.**  **Punitive Damages**

Ascenda correctly notes Terrell requests punitive damages and the Florida Civil Rights Act provides for up to $100,000 in such damages. A court must consider punitive damages in its jurisdictional analysis "unless it is apparent to a legal certainty that such cannot be recovered." Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th

5

Cir. 1987). Relying on Ryan v. State Farm Auto Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991), Ascenda argues Terrell's request for punitive damages is sufficient to meet the amount in controversy requirement because the Florida Civil Rights Act caps punitive damages at $100,000. (Doc. # 1 at 6). A key distinction between Ryan and the instant action, however, is that the plaintiff in Ryan requested a specific amount in punitive damages, whereas in this case the request is nonspecific.

Furthermore, a similar argument was rejected by the court in Boyd. In that case, the removing defendant argued the plaintiff's request for punitive damages under the Florida Civil Rights Act was sufficient to meet the amount in controversy requirement. 2016 WL 640529, at *4. The defendant, however, did not provide jurisdictional facts that affirmatively established punitive damages were at play. Id. Rather, the defendant merely pointed to the fact the plaintiff requested punitive damages. Id. Likewise, rather than providing jurisdictional facts to affirmatively show punitive damages are at play here, Ascenda only points to the fact Terrell requests punitive damages.

 **D.** **Attorney's Fees**

Although the Florida Civil Rights Act grants the Court discretion to award reasonable attorney's fees to a prevailing party, the record is devoid of any information relating to how much Terrell has expended on attorney's fees as of the date of removal. Without such information, the Court has nothing to factor into its calculus. See Id.

### III. Conclusion

Ascenda, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, the Court remands this action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C § 1447(c) for lack of subject matter jurisdiction. The Clerk is directed to remand this action to state court. After remand has been effected, the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of July, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE